United States of America, plaintiff *v.* Theodore Quintin, defendant

Court No. 81-9-01320

Before Ford, *Judge.*

(Decided April 3, 1984)

*Richard K. Willard,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, (*Francis J. Sailer,* at the trial and on the brief); *Martin J. Ward,* Regional Counsel for the United States Customs Service, at the trial.
*Theodore Quintin, pro se.*

FORD, *Judge:* The United States instituted this action to enforce the provisions of Section 592 of the Tariff Act of 1930, as amended by Pub. L. 95-410, the Procedural Reform and Simplification Act of 1978 (19 U.S.C. § 1592), and collect the civil penalty provided therein. Exclusive jurisdiction in said action was granted to this Court by the Customs Courts Act of 1980, Pub. L. 96-417.

The pertinent portion of the provisions involved, as set forth in 19 U.S.C. § 1592, provides:

§ 1592. Penalty against goods
(a) Prohibition.
(1) General rule. Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty thereby, no person, by fraud, gross negligence, or negligence—
(A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of—
(i) any document, written or oral statement, or act which is material and false, or
(ii) any omission which is material, or
(B) may aid or abet any other person to violate subparagraph (A)

\*　　\*　　\*　　\*　　\*　　\*　　\*

(c) Maximum Penalties. (1) Fraud. A fraudulent violation of subsection (a) is punishable by a civil penalty in an amount not to exceed the domestic value of the merchandise.
(2) Gross Negligence. A grossly negligent violation of subsection (a) is punishable by a civil penalty in an amount not to exceed—
(A) the lesser of—
(i) the domestic value of the merchandise, or
(ii) four times the lawful duties of which the United States is or may be deprived, or
(B) if the violation did not affect the assessment of duties, 40 percent of the dutiable value of the merchandise.

(3) Negligence. A negligent violation of subsection (a) is punishable by a civil penalty in an amount not to exceed—
 (A) the lesser of—
 (i) the domestic value of the merchandise, or
 (ii) two times the lawful duties of which the United States is or may be deprived, or
 (B) if the violation did not affect the assessment of duties, 20 percent of the dutiable value of the merchandise.

(4) Prior disclosure. If the person concerned discloses the circumstances of a violation of subsection (a) before, or without knowledge of, the commencement of a formal investigation of such violation, with respect to such violation, merchandise shall not be seized and any monetary penalty to be assessed under subsection (c) shall not exceed—
 (A) if the violation resulted from fraud—
 (i) an amount equal to 100 percent of the lawful duties of which the United States is or may be deprived, so long as such person tenders the unpaid amount of the lawful duties at the time of disclosure or within thirty days, or such longer period as appropriate customs officer may provide, after notice by the appropriate customs officer of his calculation of such unpaid amount, or
 (ii) if such violation did not affect the assessment of duties, 10 percent of the dutiable value; or
 (B) if such violation resulted from negligence or gross negligence, the interest (computed from the date of liquidation at the prevailing rate of interest applied under section 6621 of the Internal Revenue Code of 1954 [26 USCS § 6621]) on the amount of lawful duties of which the United States is or may be deprived so long as such person tenders the unpaid amount of the lawful duties at the time of disclosure or within 30 days, or such longer period as the appropriate customs officer may provide, after notice by the appropriate customs officer of his calculation of such unpaid amount.

* * * * * * *

(D) Deprivation of lawful duties. Notwithstanding section 514 of this Act [19 USCS § 1514], if the United States has been deprived of lawful duties as a result of a violation of subsection (a), the appropriate customs officer shall require that such lawful duties be restored, whether or not a monetary penalty is assessed.

(e) Court of International Trade Proceedings. Notwithstanding any other provision of law, in any proceeding commenced by the United States in the Court of International Trade for the recovery of any monetary penalty claimed under this section—
 (1) all issues, including the amount of the penalty, shall be tried de novo;
 (2) if the monetary penalty is based on fraud, the United States shall have the burden of proof to establish the alleged violation by clear and convincing evidence;

(3) if the monetary penalty is based on gross negligence, the United States shall have the burden of proof to establish all the elements of the alleged violation; and

(4) if the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of the negligence.

As a result of the 1978 Amendment, *supra,* the actions under this section were changed from *in rem* to *in personam* proceedings. The merchandise may, however, under the conditions set forth in 19 U.S.C. § 1592(c)(5), be seized. In addition the liability imposed is based upon the degree of culpability of the person entering or attempting to enter merchandise into the trade and commerce of the United States. The statute as indicated *supra* provides for three degrees of culpability, to wit, fraud, gross negligence and negligence. The trial of all issues, including the amount of penalty, is *de novo.*

At the trial of this matter in Burlington, Vermont, plaintiff introduced the testimony of Howard Campbell Rhodes, a U.S. Customs Inspector; Robert Plouffe, a Customs Inspector with Canadian Customs; George Robert Klinefetter, a senior Special Agent with U.S. Customs and John Manahan, Assistant director for Classification and Value in the Vermont District. Defendant, appearing *pro se,* took the stand on his own behalf.[1]

This action is the result of defendant having entered at the port of West Berkshire, Vermont, on December 12, 1979, certain ceramic tile, glue and grout, purchased in Montreal, Canada. At the time of entry, defendant declared he had been out of the country since "Saturday" (more than 48 hours, as December 12 was a Wednesday).[2] Defendant further declared that the merchandise was for his personal or household use, and that the value was in the amount of $448.00. Plaintiff contends 1) defendant had not been out of the country for 48 hours; 2) the merchandise was not for personal or household use; 3) the correct value was $496.00.

To establish fraud on the part of defendant, plaintiff presented the testimony of Special Agent Klinefelter, who testified he had coffee with the defendant on the morning of December 12, 1979 at defendant's place of business in Montgomery Center, Vermont. The testimony of Customs Inspector Plouffe of the Canadian Customs Service established Defendant entered Canada on December 12. U.S. Customs Inspector Rhodes, who was on duty on December 12, testified defendant returned on said date. Defendant upon interrogation by counsel for plaintiff and by the court could not satisfactorily establish his whereabouts for the more than 48 hours he claims to have been in Canada.

---

[1] The Court is pleased to note the courtesy of plaintiff's counsel in providing defendant with a copy of the pertinent rules in this *pro se* action.

[2] Defendant was granted a personal exemption of $300.00 on the merchandise as a result of this declaration as per Item 813.30, *infra.*

In view of the foregoing the court is convinced that defendant's declaration with regard to being out of the country for more than 48 hours, as required by Item 813.30 of the Tariff Schedules of the United States, was patently false. Therefore, this action constitutes fraud under 19 U.S.C. § 1484(a)(1) and § 1592. The language of Item 813.30 provides:

Articles imported by or for the account of any person arriving in the United States from a foreign country:

Other articles, including not more than 200 cigarettes and 100 cigars, acquired abroad as an incident of the journey from which the person is returning if such person arrives from the Virgin Islands of the United States or from a contiguous country which maintains a free zone or free port, or arrives from any other country after having remained beyond the United States for a period of not less than 48 hours, for his personal or household use, but not imported for the account of any other person nor intended for sale, if declared in accordance with regulations of the Secretary of the Treasury and if such person has not claimed an exemption under 813.30 or 813.31 within 30 days preceding his arrival, and does not claim an exemption under the other item on his arrival:

813.30 Articles, accompanying a person, not over $300 in aggregate fair retail value in the country of acquisition, including (but only in the case of an individual who has attained the age of 21) not more than 1 liter of alcoholic beverages * * * * * Free

In view of the foregoing it is unnecessary for the court to consider whether the merchandise was for defendant's personal or household use since defendant under the circumstances would not be entitled to a personal exemption. However, the record does establish the imported merchandise to have been utilized in the business of defendant rather than for his personal or household use.

Defendant, after having been informed the imported merchandise was subject to duty for the amount exceeding his $300 personal exemption, contends he sought permission to return the imported merchandise to Canada which was denied by Customs.

Mr. Quintin's request to return the merchandise to Canada does not lessen the severity of his action. Under the provisions of Section 1484(a)(1) of Title 19, United States Code, the filing with the appropriate customs officer of such documentation or information which would be necessary to enable the officer to determine whether the merchandise may be released, or to properly assess duty thereon, represent entry of said merchandise. It has been held that imports intended for entry are subject to sanctions for entry violations even when there is an absence of formal entry. *United States* v. *Eighteen Packages,* 222 F. 121 (E.D. Pa. 1915), vacated on other grounds, 230 F. 564 (3d Cir. 1916), appeal dismissed, 242 U.S. 617 (1916).

In the case of *United States* v. *Six Hundred Sixty-one Bales of Tobacco,* 27 Fed. Cas. 1092 (D.C. N.Y. 1878) (No. 16, 297), the court held an attempt to make entry by means of a false or fraudulent statement consitutes grounds for the imposition of sanctions under the predecessor provisions of 19 U.S.C. § 1592. Accordingly, even if permission had been granted to Mr. Quintin to return the merchandise to Canada, he would be subject to sanctions under the present provisions of 19 U.S.C. § 1592, since he made false and fraudulent statements to Customs at the time he intended or attempted to enter the merchandise.

The record establishes defendant made two materially false statements at the time of entry, to wit, 1) he was out of the country more than forty-eight hours, 2) the articles were for his personal or household use. This constitutes fraud and the penalty is to be assessed on the basis of such culpability.

It is incumbent upon plaintiff in this action to establish the value upon which the penalty may be imposed. Mr. Manahan testified the value in U.S. dollars of the tile as per invoice was $300 and the glue and grout was $148. To those sums 10% was added for freight and profit which, in this case, amounted to $44.80. The duty on the tile at 24% ad valorem is $72, while the duty on the glue and grout at 2.5% ad valorem is $3.70. The domestic value, therefore, is $576.07, for which defendant is liable.[3]

In addition to the foregoing, under the provisions of 19 U.S.C. § 1592(d), defendant is further liable for the lawful duties due on the merchandise which in this case is $75.70 less the sum of $14.80 paid by defendant on entry. Defendant, therefore, is liable in the sum of $636.97.

Judgment will be entered accordingly.

---

[3] 19 CFR 162.43 defines "domestic value" as being the "price at which such or similar merchandise is offered for sale at the time and place of appraisement * * *." Freight, profit and duty are therefore included.